IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI'I

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 04-00409 HG -02 |
| Plaintiff, | ) | |
| VS. | ) | DECLARATION OF COUNSEL |
| TERRANCE KEMPER, | ) | |
| Defendant. | ) | |

## DECLARATION OF COUNSEL

1. I, Alvin Nishimura, declare as follows:

2. The defendant, TERRANCE KEMPER, is currently serving a term of imprisonment for an offense involving cocaine base (crack). Mr. Kemper has contacted this Court for review of his sentence regarding the possible application of the new sentencing guideline amendment to his case. This Court appointed Alvin Nishimura, as defendant's counsel.

3. Mr Kemper was sentenced by this Court on August 26, 2005, to a term of 70 months imprisonment. Although the Defendant was subject to a 10 year mandatory sentence, the government filed a Motion for Downward Departure and at sentencing the government requested a departure to the low end of the guideline range absent the enhanced 10 year mandatory minimum. His guideline range was 70 to 87 months based on a total offense level of 25 and a criminal history category III. The Court departed to 70 months imprisonment, the low end of the guideline range as calculated prior to the crack cocaine amendment.

4. The sentencing guideline range Mr. Kemper was sentenced under was subsequently lowered by the Untied States Sentencing Commission on November 1, 2007. See U.S.S.G.

Appendix C, Amdt. 706. The amendment was made retroactive. See Amendment 706.

5. The new amendment changes Mr. Kemper's base offense level to 23 and a new guideline range of 57 to 71 months.

6. I have had discussions with AUSA Beverly Wee Sameshima regarding this matter of a reduction of sentence for Mr. Kemper pursuant to the amendment. At one point it appeared we had an agreement with regard to the reduction, and AUSA Sameshima asked that I prepare a Stipulation regarding a reduction. After preparing the stipulation, but before sending it over to AUSA Sameshima, I received a voicemail message that she was not agreeing and that I would have to file this motion.

7. I declare that the foregoing is true and correct to the best of my knowledge and belief.

DATED:   Honolulu, Hawaii May 30, 2008

ALIVN NISHIMURA
ATTORNEY FOR DEFENDANT